**STATE of Minnesota, Respondent,**

v.

**Lisza Diana MIHO, Appellant.**

**No. C6–85–605.**

Court of Appeals of Minnesota.

Aug. 13, 1985.

James H. Johnson, Jr., Cannon Falls, for respondent.

Peder B. Hong, Red Wing, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

FOLEY, Judge.

### FACTS

On October 25, 1984 a school bus in Cannon Falls was stopped and displaying an extended stop signal arm and flashing red signals. Appellant Lisza Miho drove through the stop arm, narrowly missing a child. Appellant was convicted of violating Minn.Stat. § 169.44 (1984), disobeying a school bus stop signal. On appeal she contends the conviction cannot be upheld because the State failed to prove the local

administrator authorized the flashing signals on the bus.

## DECISION

 1. The State had no burden to rebut the asserted defense of lack of authority to use flashing signals. The authority to use such signals is not an element of the offense of disobeying a stop arm signal. *See State v. Paige,* 256 N.W.2d 298 (Minn.1977). At the least, appellant was required to make a prima facie showing relative to her purported defense and appellant offered no evidence.

2. Even if appellant produced evidence that the administrator failed to authorize flashing lights on buses, we do not believe this would warrant dismissal of the charge. Under Minn.Stat. § 169.44, subd. 1, failure to stop is a misdemeanor. The fact that Minn.Stat. § 169.44, subd. 2(b)(2), states flashing lights should not be used "in residence or business districts of cities except when directed by the local school administrator" does not defeat criminal responsibility for disobeying the school bus stop signal. We cannot ignore the clear wording of Minn.Stat. § 169.44 and the obvious public policy served by the statute requiring drivers to obey a school bus stop signal.

Affirmed.